**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **ASHA V. RANSON-DILLARD**, | |
| Plaintiff, | |
| v. | Civil Action No. 7:20-CV-247 (HL) |
| **TECHNICAL COLLEGE SYSTEM OF GEORGIA and SOUTHERN REGIONAL TECHNICAL COLLEGE**, | |
| Defendants. | |

**ORDER**

Plaintiff Asha V. Ranson-Dillard filed this *pro se* action on December 10, 2020 against Defendants Technical College System of Georgia ("TCSG") and Southern Regional Technical College ("SRTC"). Plaintiff brings claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act of 1973. (Doc. 1). Before the Court are several motions: Plaintiff's Motion to Appoint Counsel (Doc. 2), Plaintiff's Motion for Incurred Cost by Personal Service (Doc. 7), Defendants' Motion to Dismiss Complaint (Doc. 9), Defendants' Motion to Stay Discovery (Doc. 10), and Plaintiff's Motions for Extension of Time to File Response (Docs. 15, 16). Defendants' Motion to Dismiss Complaint is **GRANTED in part and DENIED in part.** (Doc. 9). The Court **DENIES** Plaintiff's Motion to Appoint Counsel (Doc. 2) and Plaintiff's Motion for Incurred Cost by Personal

Service (Doc. 7). Defendants' Motion to Stay Discovery (Doc. 10) and Plaintiff's Motions for Extension of Time to File Response (Docs. 15, 16) are **DISMISSED as moot.**

## I.      MOTION TO DISMISS STANDARD

When ruling on a Rule 12(b)(6) motion to dismiss, a court must accept the facts alleged in the plaintiff's complaint as true and construe all reasonable inferences in the light most favorable to the plaintiff. *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271,1273 n.1 (11th Cir. 1999); *see* Fed. R. Civ. P. 12(b)(6). To avoid dismissal, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint need not contain detailed factual allegations, but it must provide "more than labels or conclusions." *Twombly*, 550 U.S. at 554. "Threadbare recitals" of a cause of action's elements, "supported by mere conclusory statements," are insufficient to defeat a motion to dismiss. *Iqbal*, 556 U.S. at 678.

Attached to Plaintiff's Complaint is the charge she filed with the Equal Employment Opportunity Commission ("EEOC"). A court "generally may not look beyond the pleadings" to consider extrinsic documents when evaluating a motion to dismiss. *United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 (11th Cir. 2015); *see* Fed. R. Civ. P. 12(d) (When "matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment," and the "parties must be given a reasonable opportunity to

present all the material that is pertinent to the motion."). But this Circuit has adopted the "incorporation by reference doctrine," which permits a court to consider a document attached to a pleading without requiring the court to convert the motion to dismiss into one for summary judgment. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). "[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368–69 (11th Cir. 1997); *see also SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) ("In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged.").

Plaintiff's EEOC charge is referenced in the complaint and is central to her claims. Defendants have not challenged the document's authenticity. The Court will consider the document in connection with Defendants' Motion to Dismiss.

## II.    MOTION TO DISMISS ANALYSIS

In Defendants' Motion to Dismiss, they claim that Defendant SRTC is not a proper defendant capable of being sued, that Plaintiff's ADEA and ADA claims are barred by Eleventh Amendment immunity, and that Plaintiff's Complaint fails to allege specific factual allegations supporting her remaining claims. Plaintiff requests an extension to respond to Defendants' Motion to Dismiss. (Doc. 15). The Court, however, dismisses Plaintiff's claims that are not legally viable—regardless

of any argument she may raise—and will permit Plaintiff to replead her remaining claims.

### A. Southern Regional Technical College is an Improper Defendant

SRTC claims that it is not a legal entity capable of being sued. Rule 17(b) of the Federal Rules of Civil Procedure instructs that a defendant's capacity to be sued is determined "by the law of the state where the court is located." Thus, Georgia law governs whether Plaintiff may sue SRTC. Under O.C.G.A. § 20-4-18, TCSG "exercise[s] state level management and operational control over . . . postsecondary technical schools," including SRTC. Georgia courts have held that individual educational institutions, like SRTC, are not legal entities separate from the state entities that govern them. *See, e.g.*, *Bd. of Regents of the Univ. Sys. of Ga. v. Doe*, 278 Ga. App. 878, 878 (2006) ("Georgia Tech is not a separate or distinct legal entity from the Board [of Regents] and, therefore, cannot . . . be sued in its own capacity."); *McCafferty v. Med. Coll. of Ga.*, 249 Ga. 62, 65 (1982) (dismissing Medical College of Georgia as defendant because "the power to sue and be sued . . . [is] vested in the Board of Regents"), *overruled on other grounds by Self v. City of Atlanta*, 259 Ga. 78, 79 (1989). Accordingly, plaintiffs must sue the governing entity rather than the individual institution.

In a similar case, the Northern District of Georgia dismissed West Georgia Technical College as a defendant because "TCSG is the only legal entity that is potentially subject to liability for [the] plaintiff's claims." *Wells v. W. Ga. Tech. Coll.*, No. 1:11-cv-3422-JEC, 2012 WL 3150819, at *2 (N.D. Ga. Aug. 2, 2012). Naming

both West Georgia Technical College and TCSG as defendants, the court concluded, was "redundant and improper." *Id.* This Court agrees and dismisses SRTC as a defendant from this suit.

### B. Eleventh Amendment

Next, Defendants contend that the Eleventh Amendment bars Plaintiff's ADEA and ADA claims. The Eleventh Amendment bars suits against the State, including state entities and agencies "that function as an 'arm of the state.'" *Ross v. Jefferson Cnty. Dep't of Health*, 701 F.3d 655, 659 (11th Cir. 2012) (quoting *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) ("Eleventh Amendment immunity bars suits brought in federal court when the State itself . . . [or] an 'arm of the state' is sued.")). Acts of Congress may abrogate the States' sovereign immunity. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996). For example, Title VII waives States' sovereign immunity so that plaintiffs may bring such claims against state entities. *See Allen v. Ala. State Bd. of Educ.*, 816 F.2d 575, 577 (11th Cir. 1987) ("[I]n civil actions invoking Title VII, state defendants lack eleventh amendment protection . . . ."). But the Supreme Court has held that the ADA and ADEA do not abrogate the States' sovereign immunity. *See Bd. of Tr. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001) (holding that ADA suits against State employers "are barred by the Eleventh Amendment"); *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 92 (2000) ("The ADEA does not validly abrogate the States' sovereign immunity . . . .").

TCSG receives the Eleventh Amendment's protection because it is a state agency. O.C.G.A. §§ 20-4-14, 20-4-18; *see Saripalli v. Tech. Coll. Sys. of. Ga.*, No. CV412-075, 2013 WL 6504771, at *1 (S.D. Ga. Dec. 11, 2013) ("TCSG is an agency, thus an instrumentality, of the State."). Accordingly, TCSG's immunity shields it from Plaintiff's ADA and ADEA claims, and they are dismissed.

### C. Remaining Claims

Plaintiff's remaining claims are under Title VII and the Rehabilitation Act. Defendants argue that Plaintiff has failed to plausibly allege violations of these statutes. The Court will permit Plaintiff to amend her complaint to provide more information regarding what happened during her employment leading up to her termination. Plaintiff should explain what her employer did to discriminate against her, how she opposed her employer's actions, and describe her termination. Plaintiff's EEOC charge includes a paragraph of more specific allegations that allege discrimination. Plaintiff may include this information in her amended complaint and elaborate further about these allegations. The Court must be able to understand what happened in this case.

### III.   MOTION TO APPOINT COUNSEL

Plaintiff requests appointment of counsel because her lawyer withdrew from representation following her EEOC proceedings. (Doc. 2). In civil cases, plaintiffs have no constitutional right to counsel. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). The Eleventh Circuit instructs that district courts "should appoint counsel only in exceptional circumstances." *Id.*; *Steele v. Shah*, 87 F.3d 1266,

1271 (11th Cir. 1996). To determine whether a case presents "exceptional circumstances," the Court may consider several factors, including whether the facts and legal issues "are so novel or complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). Here, Plaintiff's remaining claims—alleging various types of workplace discrimination— are relatively routine issues. These issues do not constitute the exceptional circumstances required for the Court to appoint counsel in a civil case. Plaintiff also requests appointment of counsel to accommodate her disabilities, including anxiety and bilateral carpal tunnel syndrome. Plaintiff has thus far capably filed a complaint and several motions. The Court denies Plaintiff's request for appointment of counsel.

## IV.    MOTION FOR INCURRED COSTS

Finally, Plaintiff requests that the Court order Defendants to pay the costs she incurred by personally serving Defendant SRTC. She contends that she requested a waiver of service from SRTC, and SRTC failed to return the waiver. Under Rule 4(d)(1) of the Federal Rules of Civil Procedure, "[a]n individual, corporation, or association . . . has a duty to avoid unnecessary expenses of serving the summons." When a defendant subject to this obligation "fails, without good cause, to sign and return a waiver requested by a plaintiff . . ., the court must impose . . . the expenses later incurred in making service." Fed. R. Civ. P. 4(d)(2). SRTC is not obligated to waive service under Rule 4(d) because it is a state entity. Service upon a "[s]tate-created governmental organization" is governed by Rule

7

4(j)—not Rule 4(d). Thus, Rule 4(d)'s waiver of service obligations are inapplicable.[1] *See, e.g.*, *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) ("[P]laintiffs were required to serve the City of Villa Rica pursuant to Rule 4(j), because the waiver of service procedure set forth in Rule 4(d) does not apply to local governments."); *Frone v. City of Riverdale*, 521 F. App'x 789, 792 (11th Cir. 2013) ("The waiver of service provisions do not apply to the City." (citing Fed. R. Civ. P. 4(d)(1), (j)).

## V.    CONCLUSION

Defendants' Motion to Dismiss Complaint is **GRANTED in part and DENIED in part.** (Doc. 9). Plaintiff is **ORDERED** to file an amended complaint providing more factual allegations regarding her claims. Plaintiff must file her amended complaint by not later than **June 21, 2021**. Defendants may file a second motion to dismiss by or on **July 5, 2021**. Defendants' Motion to Stay Discovery (Doc. 10) and Plaintiff's Motions for Extension of Time to File Response (Docs. 15, 16) are **DISMISSED as moot.** The Court **DENIES** Plaintiff's Motion to Appoint

---

[1] Regardless, the waiver request Plaintiff has attached does not comply with Rule 4(d)'s requirements. (Doc. 5-2). On March 26, 2021, Defendants initially waived service against both SRTC and TCSG. Four days later, however, Defendants filed an amended waiver of service because Plaintiff did not send a proper waiver request to SRTC. The amended waiver waived service only as to TCSG. On April 6, 2021, Plaintiff submitted a letter to the Court stating that she did mail a request for waiver to SRTC. (Doc. 5). The documents attached to her letter show only the *request* for service. Plaintiff has not produced a "Notice of a Lawsuit," required by Rule 4(d)(1). Nor does the request "state the date when the request was sent." Fed. R. Civ. P. 4(d)(1)(E).

Counsel (Doc. 2) and Plaintiff's Motion for Incurred Cost by Personal Service (Doc. 7).

**SO ORDERED**, this 19th day of May, 2021.

*/s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

kac